THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JOSEPH SEDILLO, | ) CIVIL NO. 2:08-00782 JMS |
| | ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| | ) WITH LEAVE TO AMEND |
| vs. | ) |
| | ) |
| LINDA MAKELA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On April 7, 2008, pro se prisoner Plaintiff Andrew Joseph Sedillo ("Plaintiff") filed his Complaint alleging claims pursuant to 42 U.S.C. § 1983. On January 5, 2009, this action was reassigned to the undersigned. Based on the following, the court DISMISSES Plaintiff's Complaint with LEAVE TO AMEND.

**I. STANDARD OF REVIEW**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . ., a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

///

///

## II.  DISCUSSION

Plaintiff states claims against the Clerk of San Mateo County Court Linda Makela ("Makela"), his attorney Linda Ann Novak ("Novak"), and two individuals at Mule Creek State Prison, K.A. Johnson ("Johnson") and "_. Martinez" ("Martinez").   The Complaint alleges that after Plaintiff delivered administrative notices to Makela and Novak, they called Mule Creek State Prison to stop Plaintiff from filing such documents.  Compl. ¶ III(1-2).  As a result, Johnson and Martinez ordered Plaintiff to cease delivering any papers to San Mateo County or agents of the County.  *Id.* ¶ 2.  Johnson further demanded that Plaintiff obey this order or face disciplinary action.  *Id.* ¶ 4.  Based on the following, these allegations are insufficient to state a claim.

**A.     Claims Against Clerk of San Mateo County Court Linda Makela**

"Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."  *Mullis v. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987); *see also Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987).  Generally, judicial immunity extends to such employees where "their

3

judgments are 'functionally comparable' to those of judges -- that is, because they, too, exercise a discretionary judgment as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (citation and quotation signals omitted).  This immunity, however, also extends to "purely administrative acts -- acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *In re Castillo*, 297 F.3d at 952 (citations omitted).

      Plaintiff alleges a claim against Makela on the basis that she called Mule Creek State Prison to have Plaintiff stop filing administrative notices. Makela's alleged misconduct -- *i.e*., determining whether to docket a document and contacting individuals when such documents will no longer be accepted -- falls squarely within Makela's discretion in carrying out her duties as Clerk of San Mateo County Court.  Indeed, the Ninth Circuit has specifically found that court clerks are immune from claims based on their refusal to file documents.  *See Mullis*, 828 F.2d at 1390 (finding that clerks who initially accepted and filed plaintiff's petition and who later refused to accept an amended petition were entitled to immunity); *Sedgwick v. United States*, 265 Fed. Appx. 567 (2008) (finding claim against Clerk of Supreme Court for refusing to file premature petition for writ of certiori was barred due to absolute quasi-judicial immunity).

4

Accordingly, the court finds that Makela is immune from Plaintiff's claims. At present, the court does not see how Plaintiff can state a claim against Makela where she was acting within her role as Clerk of San Mateo County. To the extent Plaintiff believes he can allege some facts that would overcome Makela's quasi-judicial immunity, the court gives Plaintiff the opportunity to amend this claim. Accordingly, the court DISMISSES the Plaintiff's claims against Makela WITH LEAVE TO AMEND.

**B.    Claims Against Novak**

To state a claim under § 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (citation and quotation signals omitted); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Relevant to this action, a public defender

representing his client (or, for that matter, a private attorney)[1] is not a state actor, but instead a private party. *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bugoni v. Greer*, 262 Fed. Appx. 778 (2007). Private parties do, however, "act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights." *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc). To prove a conspiracy under § 1983, Plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." *Id.* (quotations omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* at 1541. For purposes of § 1983 liability, "[t]o be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002).

        The Complaint alleges that Novak called the prison, and afterwards, Johnson and Martinez ordered Plaintiff to stop delivering administrative notices to

---

[1] It is unclear from the Complaint whether Novak is a public defender or a private attorney, but there is no distinction under the law for purposes of this analysis. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("Except for the source of payment, . . . the duties and obligations are the same whether the lawyer privately retained, appointed, or serving in a legal aid or defender program.").

San Mateo County.  These allegations are insufficient to establish that Novak, a private party, conspired with Johnson and/or Martinez to deprive Plaintiff of his constitutional rights.  The court therefore DISMISSES Plaintiff's claims against Novak WITH LEAVE TO AMEND.

**C.     Failure to State a Claim**

The Complaint alleges that Johnson and Martinez threatened Plaintiff with disciplinary action if he refused to stop filing administrative notices with San Mateo County.

Generally, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  *See Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  An adverse action is one that "would chill a person of ordinary firmness" from engaging in that activity.  *Pinard v. Clatskanie Sch. Dist.*, 467 F.3d 755, 770 (9th Cir. 2006).

The Complaint includes no allegation that Johnson's and Martinez's actions did not reasonably advance legitimate correctional goals.  Further, as to Martinez, it is unclear whether Martinez actually took any adverse action against Plaintiff.  The court therefore DISMISSES the Complaint WITH LEAVE TO AMEND.

**D.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint is dismissed for failure to state a claim on which relief may be granted.  By March 9, 2009, Plaintiff may submit an amended complaint to cure the deficiencies noted above.  If Plaintiff chooses to file an amended complaint alleging a retaliation claim, Plaintiff must, for each Defendant, explain exactly how that particular Defendant retaliated against Plaintiff for his filing administrative notices.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegation against that Defendant will be dismissed for failure to state a claim.

The Clerk of Court will mail Plaintiff a court-approved form to use for filing an amended complaint.  If Plaintiff fails to use the court-approved form, the court may strike the amended complaint and dismiss this action without further notice.  Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint."  The amended complaint must be retyped or rewritten in

its entirety on the court-approved form and may not incorporate any part of the Complaint by reference.

An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint is waived if it is not raised in an amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**E.     Warnings**

   *1.     Address Changes*

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Eastern District of California's Local Rules of Civil Procedure ("Local Rules"). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   *2.     Copies*

Plaintiff must submit an additional copy of every filing for use by the court. *See* Local Rule 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### 3.   *Possible "Strike"*

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### 4.   *Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (stating that a district court may dismiss an action for failure to comply with any order of the Court).

///

///

///

### III. **CONCLUSION**

Based on the above, the court DISMISSES the Complaint WITH LEAVE TO AMEND. The court further orders at follows:

1. The Complaint is dismissed for failure to state a claim. Plaintiff has until March 9, 2009 to file an amended complaint in compliance with this Order.

2. If Plaintiff fails to file an amended complaint by March 9, 2009, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3. The Clerk of Court must include with this Order a copy of the form for filing a civil rights complaint by a prisoner.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 6, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Sedillo v. Makela et al.*, Civ. No. 2:08-00782 JMS, Order Dismissing Complaint with Leave to Amend