THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JOSEPH SEDILLO, ) | CIVIL NO. 2:08-00782 JMS |
| ) | |
| Plaintiff, ) | ORDER (1) DISMISSING AMENDED |
| ) | COMPLAINT IN PART AND |
| vs. ) | (2) DIRECTING SERVICE |
| ) | |
| K.A. JOHNSON, and CALIFORNIA ) | |
| DEPARTMENT OF CORRECTIONS ) | |
| AND REHABILITATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## ORDER (1) DISMISSING AMENDED COMPLAINT IN PART AND (2) DIRECTING SERVICE

On April 7, 2008, pro se prisoner Plaintiff Andrew Joseph Sedillo ("Plaintiff") filed his Complaint alleging claims pursuant to 42 U.S.C. § 1983 against Clerk of San Mateo County Court Linda Makela ("Makela"), his attorney Linda Ann Novak ("Novak"), and two individuals at Mule Creek State Prison, K.A. Johnson ("Johnson") and "_. Martinez" ("Martinez"). On February 9, 2009, the court dismissed Plaintiff's Complaint with leave to amend.

///

///

///

On April 10, 2009, Plaintiff filed an Amended Complaint[1] asserting claims against Johnson and the California Department of Corrections and Rehabilitation ("CDCR"). Based on the following, the court DISMISSES Plaintiff's Amended Complaint in part and DIRECTS SERVICE.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), the court must screen cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental agency. The court must dismiss a complaint or portion thereof if a plaintiff has raised claims that (1) are legally frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

---

[1] Plaintiff's Amended Complaint is titled only "Complaint," despite the court's instruction that "Plaintiff must clearly designate on the face of the document that it is the 'Amended Complaint.'" Doc. No. 19, at 8. Plaintiff is warned that he must follow all court instructions.

2

arguable legal and factual basis. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Franklin*, 745 F.2d at 1227.

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## II. DISCUSSION

### A. The Amended Complaint States a Claim Against Johnson Only

The Amended Complaint alleges that Johnson threatened Plaintiff with disciplinary action if he refused to stop filing documents with the courts and that she acted on this threat by making errors in his file, which prevented him from participating in the inmate program.[2] Construing Plaintiff's claims liberally and

---

[2] The Amended Complaint also includes details regarding an annual review and committee hearing in which Johnson allegedly made the threat. The court construes these details as background for Plaintiff's First Amendment retaliation claim against Johnson, as opposed to stating any separate claim.

affording him the benefit of the doubt, Plaintiff brings a 42 U.S.C. § 1983 claim against Johnson.

Plaintiff cannot, however, state a claim against the CDCR because it is entitled to Eleventh Amendment immunity. *See Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009) (affirming dismissal of CDCR on Eleventh Amendment grounds). The Ninth Circuit has explained:

> In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.

*Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations, alteration, and internal quotation marks omitted). The court therefore DISMISSES Plaintiff's Amended Complaint as to the CDCR WITHOUT LEAVE TO AMEND.

**B.     Warnings**

    *1.     Address Changes*

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Eastern District of California's Local Rules of Civil Procedure ("Local Rules").

Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   *2.    Copies*

Plaintiff must submit an additional copy of every filing for use by the court. *See* Local Rule 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   *3.    Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (stating that a district court may dismiss an action for failure to comply with any order of the court).

### III.  CONCLUSION

Based on the above, the court DISMISSES the Amended Complaint IN PART for failure to state a claim pursuant to 28 U.S.C. § 1915A. The court further ORDERS as follows:

1. Plaintiff has failed to state a claim against CDCR. Plaintiff's Amended Complaint against CDCR is DISMISSED WITHOUT LEAVE TO AMEND.

2. Plaintiff has stated a claim against Defendant Johnson and this claim shall proceed. Service is thereby appropriate for Defendant Johnson.

3. The court DIRECTS the Clerk of Court to send Plaintiff a copy of this Order, one USM-285 form, one summons, an instruction sheet, and one copy of the Amended Complaint filed on April 10, 2009.

4. By May 26, 2009, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed, signed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for Defendant Johnson; and

   d. Two copies of the endorsed Amended Complaint filed April 10, 2009.

5. Plaintiff need not attempt service on Defendant Johnson and need not request waiver of service. Upon receipt of all the documents listed in number 4, the court will direct the Clerk of Court to forward the completed forms to the United States Marshal to serve on the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

///

///

///

6. Plaintiff's failure to comply with this Order may result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 28, 2009.



```
 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge
```

*Sedillo v. Johnson et al.*, Civ. No. 2:08-00782 JMS, Order (1) Dismissing Amended Complaint in Part and (2) Directing Service