THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JOSEPH SEDILLO, | ) CIVIL NO. 2:08-00782 JMS |
| | ) |
| Plaintiff, | ) ORDER DENYING WITHOUT |
| | ) PREJUDICE PLAINTIFF'S MOTION |
| vs. | ) FOR LEAVE TO FILE SECOND |
| | ) AMENDED COMPLAINT |
| K.A. JOHNSON, and CALIFORNIA | ) |
| DEPARTMENT OF CORRECTIONS | ) |
| AND REHABILITATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

On April 7, 2008, pro se prisoner Plaintiff Andrew Joseph Sedillo ("Plaintiff") filed his Complaint alleging claims pursuant to 42 U.S.C. § 1983 against Clerk of San Mateo County Court Linda Makela ("Makela"), his attorney Linda Ann Novak ("Novak"), and two individuals at Mule Creek State Prison, K.A. Johnson ("Johnson") and "\_. Martinez" ("Martinez"). On February 9, 2009, the court dismissed Plaintiff's Complaint with leave to amend.

On April 10, 2009, Plaintiff filed an Amended Complaint asserting claims against Johnson and the California Department of Corrections and Rehabilitation ("CDCR"). On April 29, 2009, the court dismissed Plaintiff's

Amended Complaint in part and directed service as to Johnson.  Because Plaintiff cannot state a claim against the CDCR and the Amended Complaint states a claim against the only other defendant, Johnson, the April 29 Order did not grant Plaintiff leave to further amend the Amended Complaint.

On November 16, 2009, Plaintiff nonetheless filed a Second Amended Complaint, asserting claims against Johnson, Martinez, and Novak.  On November 19, 2009, the court struck the Second Amended Complaint, explaining that Federal Rule of Civil Procedure 15(a)(1)(a) allows a plaintiff to amend his complaint only "once as a matter of course [] before being served with a responsive pleading," and therefore Plaintiff must seek leave a Second Amended Complaint pursuant to Rule 15(a)(2).

Currently before the court is Plaintiff's "Motion to Leave to Amend the First Complaint," ("Motion for Leave") in which he asks to amend the original Complaint.  Plaintiff's Motion presents two major problems.

First, Plaintiff cannot amend the original Complaint -- the Amended Complaint supercedes the original Complaint and the original Complaint is "'treated thereafter as non-existent.'"  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  Accordingly, Plaintiff may seek leave to amend only the Amended Complaint.

2

Second, Plaintiff has provided no explanation of how he proposes to amend his claims. The court may deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Without any explanation of how Plaintiff proposes to amend the Amended Complaint, the court cannot determine whether amendment would be futile.

For these reasons, the court DENIES Plaintiff's Motion for Leave without prejudice. By **January 18, 2010**, Plaintiff may file a Motion for Leave to File a Second Amended Complaint and attach as an exhibit a "Proposed Second Amended Complaint" for the court's review. The Proposed Second Amended Complaint should include all claims against all Defendants, because if the court

///

///

///

///

///

grants Plaintiff's for Leave to File a Second Amended Complaint, the Proposed Second Amended Complaint will supercede the Amended Complaint.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, December 24, 2009.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Sedillo v. Johnson et al.*, Civ. No. 2:08-00782 JMS, Order Denying Without Prejudice Plaintiff's Motionfor Leave to File Second Amended Complaint