THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JOSEPH SEDILLO, | ) CIVIL NO. 2:08-00782 JMS |
| | ) |
| Plaintiff, | ) ORDER DISMISSING ACTION |
| | ) WITHOUT PREJUDICE |
| vs. | ) |
| | ) |
| K.A. JOHNSON, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

On April 7, 2008, pro se prisoner Plaintiff Andrew Joseph Sedillo ("Plaintiff") commenced this action, and on April 29, 2009, the court directed service of Plaintiff's First Amended Complaint ("FAC") as to Defendant K.A. Johnson. The court subsequently sent Plaintiff the necessary documents to complete and return to the U.S. Marshal's Service, so that the Marshal could serve the FAC on Plaintiff's behalf. On September 21, 2009, the summons as to Johnson was returned unexecuted, indicating that Defendant Johnson could not be located, that the CDC locator provided no further information on Defendant Johnson, and that "no other locations other than N Kern 8/24." *See* Doc. No. 29.

On April 26, 2010, after it became clear that Plaintiff had not

caused the FAC to be served on Johnson within 120 days of the date that service was directed, the court ordered Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to timely serve, or cause to be served Defendant Johnson (the "Order to Show Cause").  Plaintiff subsequently requested, and the court granted, two extensions of time to respond to the Order to Show Cause.  In granting the second extension, the court explained that Plaintiff must explain what steps he has taken to serve Johnson since September 21, 2009, when he was first notified that the Marshal was unable to locate Defendant Johnson.  The court further warned Plaintiff that he would be granted no more extensions of time to respond to the Order to Show Cause.

As the court has previously explained, pursuant to Federal Rule of Civil Procedure 4(m), if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, or in this case, within 120 days of the date that service was directed to be made, the court has discretion to "*either* dismiss the action *without* prejudice or order service within a specified time, unless however plaintiff can show 'good cause' for an extension, in which case the district court *must* extend the time for accomplishing service." *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995); *accord Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *Adams v. Allied Signal Gen. Aviation Avionics*,

74 F.3d 882, 887 (8th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Good cause applies only in limited circumstances, and inadvertence or ignorance of the rule alone does not constitute good cause, even in a pro se action. *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) (citing *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).

In response to the Order to Show Cause, Plaintiff explained that he has made two requests to the CDCR requesting Defendant Johnson's address. Plaintiff further requests additional time to serve Defendant Johnson. Plaintiff's two requests to the CDCR do not show good cause for an extension of the time for Plaintiff to serve Defendant Johnson -- Plaintiff's two requests are the only steps Plaintiff has taken in the last *ten* months to locate Defendant Johnson, and from the Marshal's efforts, it appears that the CDCR has no further information to assist Plaintiff in locating Defendant Johnson.

Federal Rule of Civil Procedure 41(b) requires that federal actions be prosecuted with reasonable diligence. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). A court has the inherent authority to dismiss sua sponte an action pursuant to Rule 41(b). *See Link v. Wabash R. Co.*, 370 U.S. 626, 629-632 (1962). Before doing so, however, the court must carefully balance the following five factors to determine whether dismissal is warranted: (1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The court may dismiss the action with or without prejudice. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (district court did not err in dismissing pro se civil rights action for failure to comply with a local rule); *Pagtalunan*, 291 F.3d at 640-43 (district court did not err in dismissing pro se action for failure to comply with a court order).

Here, the public's interest in expeditious resolution of this litigation, the court's need to manage its docket, and the risk of prejudice to Defendant Johnson all weigh against Plaintiff. Plaintiff has made little effort since he commenced this suit to ensure that it is prosecuted and expeditiously resolved. Further, while other methods of finding Defendant Johnson's whereabouts and/or serving him are potentially possible, Plaintiff suggests no other methods of locating Defendant Johnson or serving him other than requesting additional information from the CDCR. It is not the court's job to determine and effectuate

service for Plaintiff.  The only factor clearly in favor of Plaintiff is the public policy favoring disposition of cases on their merits.

Considering all of these factors, the court finds that dismissal of this action without prejudice is appropriate.  *See Bautista v. L. A. County*, 216 F. 3d 837, 841 (9th Cir. 2000).  Plaintiff has made little effort to locate and serve Defendant Johnson, despite ample time provided by the court.  Accordingly, the court DISMISSES this action without prejudice.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 16, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Sedillo v. Johnson et al.*, Civ. No. 2:08-00782 JMS, Order Dismissing Action Without Prejudice